CITY OF HOBOKEN, PLAINTIFF-APPELLANT, v. THE JARKA CORPORATION, RESPONDENT-RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT.

CITY OF HOBOKEN, RESPONDENT-APPELLANT, v. INTERNATIONAL TERMINAL OPERATING CO., INC., PLAINTIFF-RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT.

Argued February 17, 1958—Decided March 17, 1958.

*Mr. Herbert H. Fine* argued the cause for appellant.

*Mr. Raymond J. Lamb* argued the cause for respondents, The Jarka Corporation and International Terminal Operating Co., Inc. (*Messrs. Emory, Langan, Lamb & Blake,* attorneys; *Mr. Raymond J. Lamb,* of counsel).

*Mr. David D. Furman,* Deputy Attorney-General, argued the cause for Division of Tax Appeals, Department of the Treasury (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. Two errors require reversal of the judgments of the Division of Tax Appeals.

The first is that the Division failed to follow the procedure set forth in *Fifth Street Pier Corp. v. City of Hoboken,* 22 *N. J.* 326 (1956), in that opportunity was not given to except to the panel report. It should be noted that the Division here took final action before we decided the *Fifth Street Pier Corp.* case.

The second is that although counsel for respondent offered no proof in support of the allegation of discrimina-

tion and at the hearing stated he was limiting the appeals to the issue of true value, yet the Division found discrimination by noticing and applying the Director's equalization table. That course is incompatible with the views expressed in *Delaware, Lackawanna & Western Railroad Co. v. Neeld,* 23 *N. J.* 561 (1957) with respect to the Director's table.

■ Appellant contends that if the matter is remanded, as we conclude it must be, the issue of discrimination be deemed to have been withdrawn by reason of the circumstances described above. At the time of the hearings before the Division, its jurisdiction to entertain the charge of discrimination was in doubt. Shortly after the hearings closed but before decision, *Gibraltar Corrugated Paper Co. v. Township of North Bergen,* 20 *N. J.* 213 (1955), was decided and therein the Division's jurisdiction was recognized. Although respondent should have applied to reopen the matter when *Gibraltar* was decided, yet we think that under all the circumstances the interests of justice are served by permitting respondent to press that issue upon the remand.

In the light of the foregoing, we should not consider other issues presented on these appeals. However, if there should be appeals from the new judgments of the Division, the parties may use the briefs and appendices now on file with such additions as circumstances may suggest to them, and to that end the briefs and appendices will be preserved for use in the Appellate Division or this court.

The judgments are accordingly reversed and the matters remanded to the Division for further proceedings not inconsistent with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*For affirmance*—None.