CITY OF UNION CITY IN THE COUNTY OF HUDSON, A TAXING DISTRICT OF THE STATE OF NEW JERSEY, APPELLANT, v. ORMOND TOOL AND MANUFACTURING COMPANY AND DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY, RESPONDENTS.

Argued March 31, 1958—Decided April 28, 1958.

*Mr. Cyril J. McCauley* argued the cause for appellant (*Mr. Samuel Moskowitz,* on the brief).

*Mr. Edwin P. Gordon* argued the cause for respondent Ormond Tool and Manufacturing Company (*Messrs. Hollander & Leichter,* attorneys; *Messrs. Walter Leichter* and *Edwin P. Gordon,* of counsel).

*Mr. David D. Furman,* Acting Attorney-General, argued the cause for the respondent, Division of Tax Appeals in the Department of the Treasury.

The opinion of the Court was delivered

PER CURIAM. The City of Union City appealed from judgments of the Division of Tax Appeals relating to the assessment of property for the years 1954 and 1955. We certified the appeals on our own motion prior to consideration of them by the Appellate Division.

The taxpayer prevailed before the county board, and both parties appealed to the Division. The taxpayer's petitions of appeal to the county board and to the Division did not raise the issue of discrimination. The Division, however, entertained the question on the thesis that it could be urged in defending against the city's appeals. The Division found discrimination on the basis of the average ratio as revealed by the equalization tables of the Director, which course is contrary to the views expressed in *Delaware, Lackwanna and Western Railroad Co. v. Neeld*, 23 *N. J.* 561 (1957), with respect to the Director's tables. See also *City of Hoboken v. Jarka Corporation*, 26 *N. J.* 336 (1958).

Both the taxpayer and the Attorney-General on behalf of the Division moved for a remand because of the error just described. The city opposed the motion and we held it for consideration upon argument of the appeal.

The city urges we should exclude the issue of discrimination because the taxpayer chose to rely upon the tables and offered no proof as to "common level." It stresses as well the failure of the taxpayer to plead the issue on its appeals to the agencies and the absence of a cross-appeal to the Appellate Division. But the issue was accepted upon the stated practice of the Division of Tax Appeals, and it was tried. Ordinarily, when a judgment is reversed for insufficiency of proof, there is a remand with opportunity to make a new showing. In view of the uncertainties in this area at the time of the proceedings below, the taxpayer should not be foreclosed by reason of any of the objections advanced.

The judgments are accordingly reversed and the matters remanded to the Division for rehearing on all issues.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For affirmance*—None.